**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6576**

---

DIONDRE KE-SEAN JONES,

        Plaintiff - Appellant,

    v.

CORRECTIONAL OFFICER APPENHEIMER,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-ct-03322-D)

---

Submitted:  September 16, 2024           Decided:  September 20, 2024

---

Before GREGORY, THACKER, and RICHARDSON, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Diondre Ke-Sean Jones, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diondre Ke-Sean Jones seeks to appeal the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to prosecute. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered judgment on September 11, 2023, and the appeal period expired on October 11, 2023. Jones filed the notice of appeal on May 30, 2024.[*] Because Jones failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Jones could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).